IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMISTRY COUNCIL, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 1:12-cv-01156-JEB |
| v. | : : | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | : : : : | |
| Defendants. | : : | |

## MEMORANDUM IN OPPOSITION TO MOTION TO STAY

In this Freedom of Information Act (the "FOIA") case, Defendants ask the Court to stay Plaintiff's motion for summary judgment pending their motion to dismiss. Defendants offer two grounds for this request: they contend that there is a threshold jurisdictional issue; and they argue that the motion to dismiss raises a threshold legal issue. While such contentions might be legitimate in some cases, they are not well taken here. *First*, the "jurisdictional" issue goes only to the *second* claim, which is offered expressly as an alternative to the first claim (under the FOIA). Defendants seem to agree that this Court has jurisdiction over Plaintiff's FOIA claim, so their notion that a "jurisdictional" issue must be decided at the outset is misguided. *Second*, the motion to dismiss is based not on a *legal* issue, but a *factual* one: Defendants claim that "because the agency possesses all the research data underlying Plaintiff's request, HHS's regulation, 45 C.F.R. § 74.36(d)(1), which requires an agency to request research data from third parties in some instances, is inapplicable." (Mem. in Supp. of Mot. to Stay at 6 (ECF Doc. 20-1).) Plaintiff disagrees with this statement of fact. Plaintiff alleges that Dr. Zhang of the University of California possesses data that Defendants have not requested or produced. (*See*

Compl. ¶ 33 ("Upon information and belief, the Grantee is in possession or control of Requested Records.").) This is a fact issue that cannot be resolved on a motion to dismiss.

## BACKGROUND

On July 12, 2012, Plaintiff commenced this case under the FOIA, the Shelby Amendment (Pub. L. No. 105-277, 112 Stat. 2681 (Oct. 21, 1998)) and applicable regulations seeking production of data from a 2010 study used to support the listing of formaldehyde as a known human carcinogen in the Twelfth Edition of the Report on Carcinogens, published by the National Toxicology Program in 2011. (*See* Compl. ¶¶ 12-34.) The Complaint contends that Defendants have not properly requested or obtained these records from Dr. Zhang, who conducted the study pursuant to a federal research grant from the National Cancer Institute, despite the fact that these records otherwise satisfy the criteria set forth in the Shelby Amendment, Office of Management and Budget Circular A-110 and the applicable HHS regulations. (*See id.* ¶¶ 28-34.) The Complaint also offers two alternative claims: the Second Claim seeks the same relief under the Administrative Procedure Act (the "APA"), but only if the FOIA does not provide jurisdiction; the Third Claim seeks the same relief under the Mandamus Act, if neither the FOIA nor the APA provide jurisdiction. (*See id.* ¶¶ 44-64.)

At Defendants' request, the Court extended the time for defendants to answer the Complaint to November 9. On November 8, Plaintiff moved for summary judgment on the three claims in the Complaint. *First*, Plaintiff argues that Defendants have failed to obtain documents from the authors of the 2010 formaldehyde study, which study was funded by a research grant from the National Cancer Institute (the "FOIA Claim"). (*See* Mem. in Supp. of Mot. for Summ. J. at 8-19 (ECF Doc. 18).) *Second*, Plaintiff argues in the alternative that if the FOIA does not afford complete relief, Defendants have violated the APA by failing to undertake the action of

obtaining information responsive to ACC's request (the "APA Claim"). (*See id.* at 13 (discussing *Pohl v. EPA*, No. 09-1480, 2010 WL 4388071 (W.D. Pa. Oct. 29, 2010); *see also id.* at 19-22.) Finally, Plaintiff asserted a mandamus claim to the extent that neither the FOIA nor the APA provide relief (the "Mandamus Claim"). (*See id.* at 22-23.) The second and third claims are alternative to the first. (*See id.* at 1 n.1.)

## ARGUMENT

**I.**     **A Jurisdictional Issue On An Alternative Claim Does Not Forestall All Proceedings.**

Defendants have not asserted any jurisdictional defect in the FOIA Claim or the (alternative) Mandamus Claim. Rather, Defendants argue that the Court lacks subject matter jurisdiction over the APA Claim because the FOIA provides an adequate alternative remedy. (*See* Mem. in Supp. of Mot. to Dismiss at 20-27 (ECF Doc. 19-1); Mem. in Supp. of Mot. to Stay at 4-5 (ECF Doc. 20-1).) That may well be true. The APA claim is an *alternative* to the FOIA Claim, included because dicta in *Pohl v. EPA* suggests that such a claim may be necessary if the FOIA does not provide complete relief in a case like this one. The "threshold" question is thus whether the FOIA provides adequate relief—a question squarely presented in the motion for summary judgment. Defendants' jurisdictional issue is one that need not be decided if the Court grants the relief sought in the First Claim. Far from promoting efficiency, Defendants' suggestion would undermine it—forcing the Court to start with an abstract question that may well have no application in the real world.

Although Defendants assert that their approach is "routine[]," (Mem. in Supp. of Mot. to Stay at 7), none of their cases involved a stay to resolve a jurisdictional issue concerning an alternative claim before deciding the primary claim as to which there is not jurisdictional issue. *See generally* Mem. in Supp. of Mot. to Stay at 3, *Mead v. Holder*, No. 1:10-cv-00950 (D.D.C.

Aug. 20, 2010) (challenge to constitutionality of Section 1501 of the Patient Protection and Affordable Care Act); *Ticor Title Ins. Co. v. Fed. Trade Comm'n*, 625 F. Supp. 747, 748 (D.D.C. 1986) (seeking declaration that the delegation of law enforcement powers to the FTC is unconstitutional); *United Transp. Serv. Employees of Am. CIO v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949) (subject matter jurisdiction issue as to claim for review of National Mediation Board decision).

In any event, it appears that a common approach is to resolve an outstanding motion to dismiss and motion for summary judgment in a single decision. *See, e.g.*, *Ravulapalli v. Napolitano*, 840 F. Supp. 2d 200, 202 (D.D.C. 2012) (determining, among other motions, motion to dismiss for lack of subject matter jurisdiction, plaintiffs' motion for summary judgment and defendants' cross-motion for summary judgment); *Paul v. Didizian*, 819 F. Supp. 2d 31, 33 (D.D.C. 2011) (considering plaintiff's motion for summary judgment and defendant's motion to dismiss for lack of subject matter jurisdiction); *Hormel Foods Corp. v. U.S. Dep't of Agriculture*, 808 F. Supp. 2d 234, 236 (D.D.C. 2011) (same); *Kimberlin v. Dep't of Justice*, 150 F. Supp. 2d 36, 38 (D.D.C. 2001) (same). *See also Nat'l Treas. Empls. Union v. Internal Revenue Serv.*, No. 1:04-cv-00820 (D.D.C. Nov. 26, 2004) (minute order denying motion to stay proceeding on plaintiff's motion for summary judgment pending the court's decision on motion to dismiss for lack of subject matter jurisdiction).[1]

## II. Defendants' Proposed Approach To The FOIA Claim Is Inefficient and Impractical.

Defendants' second argument is very difficult to understand. Defendants seek to dismiss this claim based on their statement—absent any supporting evidence of any kind—that they

---

[1] To the extent that Defendants wish to proceed with this case under the FOIA only, the appropriate proposal would be to hold in abeyance the individual APA and Mandamus Claims—and not the proceedings on the motion for summary judgment generally—pending disposition of the FOIA Claim.

already possess the "research data" sought in this case, and therefore they were not required to request them from the grantee. (*See* Mem. in Supp. of Mot. to Dismiss at 11-14; Mem. in Supp. of Mot. to Stay at 6.)  Even in the era of *Iqbal* and *Twombley*, Defendant is not allowed on a motion to dismiss simply to disagree with the facts alleged in the Complaint. *See, e.g.*, *Brashear v. United States*, 847 F. Supp. 2d 41, 44 (D.D.C. 2012) (In considering a motion to dismiss, "[t]he Court need not accept as true . . . 'a legal conclusion couched as a factual allegation,' nor an inference unsupported by the facts set forth in the Complaint.") (citations omitted).

Further, we are hard-pressed to understand why Defendants object to responding to a motion for summary judgment.  "Summary judgment is the frequent vehicle for resolution of a FOIA action because the pleadings and declarations in such cases often provide undisputed facts on which the moving parties are entitled to judgment as a matter of law." *Lazaridis v. Dep't of Justice*, 766 F. Supp. 2d 134, 140 (D.D.C. 2011) (citing *McLaughlin v. Dep't of Justice*, 530 F. Supp. 2d 210, 212 (D.D.C. 2008)); *accord Nat'l Sec. Counselors v. CIA*, 849 F. Supp. 2d 6, 10 (D.D.C. 2012) (citing *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993), and *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C.1980)).

Defendants do not contend that Plaintiff is seeking to engage in burdensome discovery, or has flooded Defendants with multiple filings that are occupying an inordinate amount of resources.  In fact, Plaintiff's motion for summary judgment is the only thing it has filed, other than the Complaint, that requires a response from Defendants.  Defendants acknowledge that summary judgment is an appropriate vehicle for resolving this case, they just want to delay that motion until sometime in the indefinite future.  Such delay is inconsistent with the purpose of the FOIA, which serves to promote the "*efficient, prompt*, and full disclosure of information."

*Reliant Energy Power Generation, Inc. v. Fed. Energy Regulatory Comm'n*, 520 F. Supp. 2d 194, 202 (D.D.C. 2007) (citation omitted) (emphasis added).

### III.     Unwritten "Procedural Norms" Do Not Justify The Stay.

Defendants' suggestion that Plaintiff afoul of some unwritten, but "typical procedure" for litigating cases under the FOIA, is misguided. Rule 56 expressly permits plaintiff to move for summary judgment at any time until 30 days after the close of discovery. Fed. R. Civ. P. 56(b). Indeed, this Court frequently considers cross-motions for summary judgment in FOIA cases. *See, e.g.*, *Lardner v. Fed. Bur. of Inv.*, 852 F. Supp. 2d 127, 131 (D.D.C. 2012); *Zanoni v. U.S. Dep't of Agriculture*, 605 F. Supp. 2d 230, 232 (D.D.C. 2009). The notion that only the defendants in a FOIA case may control the pace of the action is one that this Court should not countenance.

### CONCLUSION

The motion to stay should be denied immediately.

Dated:      November 20, 2012                    Respectfully submitted,

/s/ Blake A. Biles
Blake A. Biles
(D.C. Bar No. 441679)
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C.  20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
E-mail: blake.biles@aporter.com

Kent A. Yalowitz
*Pro hac vice*
ARNOLD & PORTER LLP
399 Park Avenue
New York, N.Y.  10022
Telephone: (212) 715-1000

Facsimile: (212) 715-1399
E-mail: kent.yalowitz@aporter.com

*Counsel for Plaintiff American Chemistry Council, Inc.*