# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HEALTH AND HUMAN SERVICES, et al., )<br>)<br>Defendants. ) | Civil Action No. 12-1156 (JEB) |

### REPLY ON DEFENDANTS' MOTION TO STAY PROCEEDINGS ON
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff insists on simultaneous briefing on the Motion to Dismiss and the Motion for Summary Judgment, which will ultimately waste the time and resources of this Court and the parties. Pl.'s Opp. Motion to Stay (ECF. No. 22). Defendants' Motion to Dismiss should be decided first because it raises a jurisdictional issue relevant to all three of Plaintiff's claims and a decision on the Motion will narrow the case to one claim. The Court should stay proceedings on the Motion for Summary Judgment and cause this case to proceed in an orderly and logical manner. *See Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).

First, the Motion to Dismiss raises a jurisdictional issue that is relevant to all three of Plaintiff's claims, and should be decided first. Plaintiff brings duplicative claims under the Freedom of Information Act (FOIA), the Administrative Procedure Act (APA), and the Mandamus statute, 28 U.S.C. § 1361. Plaintiff may not pursue identical claims under these three statutes. *See* Defs.' Motion to Dismiss Br. 21-24, 26-27 (ECF No. 19-1). In deciding the Motion to Dismiss, this Court will determine which statute is the

proper avenue for Plaintiff's claim and will correspondingly dismiss the other two claims. *Id.* Although Defendants argue that FOIA is the proper remedy here, should the Court disagree and find that the APA provides relief, there would be no jurisdiction under FOIA and that claim would have to be dismissed. *Id.* 23-24 (citing *Pohl v. U.S. EPA*, No. 09-1480, 2012 WL 762083, at *12 (W.D. Pa. Mar. 7, 2012)). Thus, a threshold determination about jurisdiction is relevant to *all three* of Plaintiff's claims, and should be made at the outset. *See Bancoult v. McNamara*, 445 F.3d 427, 432 (D.C. Cir. 2006).

Second, prudential concerns weigh in favor of deciding the Motion to Dismiss first. *See Landis*, 299 U.S. at 254 (court may control its docket to preserve time and resources). Plaintiff does not dispute that deciding the Motion to Dismiss will narrow the scope of the case because any decision will result in the dismissal of the other two claims.[1] It is an inefficient use of the Court's and the parties' time and resources to brief all three claims when Plaintiff ultimately may only seek relief under one of these three statutes. A decision on the Motion to Dismiss is a logical precedent to any further proceedings on the merits.

Moreover, Plaintiff's Motion for Summary Judgment puts the cart before the horse. On the FOIA claim, the Summary Judgment motion principally argues that "Defendants Must Provide A Detailed Affidavit Regarding Their Search of the [Agency's] Files." Pl.'s Motion Summary Judgment 9 (ECF No. 18).[2] Thus, even if the Court were to grant the Summary Judgment motion, it would at most order Defendants to

---

[1] Plaintiff asserts that the agency does not have the records it is seeking, which implicates further arguments about what statute provides the proper remedy. Opp. Motion to Stay 4-5. Such arguments can be included in Plaintiff's Opposition to the Motion to Dismiss and this Court will determine which remedy is proper.

[2] The remainder of the Motion for Summary Judgment on the FOIA claim addresses the interpretation of 45 C.F.R. § 74.36(d)(1). That legal issue was raised, in part, in the Motion to Dismiss and Plaintiff may include its argument about the legal question in its Opposition.

produce a declaration documenting the agency's search—a declaration that appropriately accompanies the Defendants' anticipated motion for summary judgment that will follow, if necessary, the disposition of the Motion to Dismiss. *See* Defs.' Motion to Stay Br. 9 (ECF No. 20-1). This is the logical course to follow given that the agency bears the burden of establishing that it completed a reasonable search for the requested documents. *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999).

Finally, Plaintiff does not claim that it will be prejudiced by resolving the Motion to Dismiss first. Nor does Plaintiff dispute that Defendants *will* be prejudiced if the motions are briefed simultaneously, because any decision by this Court on Motion to Dismiss will impact how Defendants respond to the Motion for Summary Judgment. Defs.' Motion to Stay Br. 8. All of these prudential reasons warrant an exercise of the Court's power to control its docket and stay proceedings on the Motion for Summary Judgment.

## CONCLUSION

For these reasons, as well as those stated in the opening brief, Defendants respectfully request that Plaintiff's Motion for Summary Judgment be held in abeyance until a decision is issued on Defendants' pending Motion to Dismiss.

DATED: November 27, 2012

    Respectfully submitted,

    STUART F. DELERY
    Principal Deputy Assistant Attorney General

    ELIZABETH J. SHAPIRO

Deputy Director

/s/ Karen P. Seifert
KAREN P. SEIFERT
Trial Attorney (NY Bar)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6112
Washington, D.C. 20530
Tel. (202) 305-0891 / Fax: (202) 616-8470
Email: karen.p.seifert@usdoj.gov

*Attorneys for Defendants*